DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on April 29, 2010, requesting that the Complaint be dismissed.
A case management conference was held June 29, 2010. Pravin Kumar, Partner, participated for Plaintiff; Scott Norris and Catherine Green appeared for Defendant.
This appeal concerns certain personal property used in a commercial motel operation identified as Account P120674. The Complaint was filed on March 9, 2010 and mentioned five tax years: 2006-07 through 2010-11. Appeals were not filed with the Marion County Board of Property Tax Appeals (BOPTA) for any of these years.
As for tax year 2010-11, that year is not properly before the court. Any valuation appeal for that year must first be presented to BOPTA prior to December 31, 2010. ORS 305.288[1] allows the court to consider, at most, appeals for the current tax year (2009-10) and the two prior tax years (2007-08 and 2008-09). Therefore, tax year 2006-07 is beyond the reach of the court. *Page 2 
Oregon has a structured appeals system for taxpayers to follow when challenging the real market value assigned to their properties. The county BOPTA is the first step in the appeal process. Taxpayers are required to file appeals with the appropriate BOPTA by December 31 of the current tax year. ORS 309.100(2).
However, some situations occur which may prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the all of the tax years appealed, Plaintiff did not submit an appeal to BOPTA because, as its representative stated, it was unaware of the appeals process. It did not learn of the *Page 3 
requirements until 2010. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for these tax years. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, bymailing to: 1163 State Street, Salem, OR 97301-2563; orby hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 daysafter the date of the Decision or this Decision becomes final and cannotbe changed.
 This Decision was signed by Magistrate Jeffrey S. Mattsonon August 19, 2010. The court filed and entered this Decisionon August 19, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.